[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter was submitted to the Court for decision based upon the pleadings, affidavits and memoranda submitted by counsel.
The plaintiff has filed for a writ of mandamus alleging that the defendant has a ministerial duty to issue a permit to repair a sewage disposal system located on the plaintiff's property at 2461 Putnam Pike in the Town of Glocester and more specifically identified as Assessor's Plan AP-1, Lot 12.
To be entitled to the relief sought by the plaintiff the Court must be convinced that the petitioners have a clear legal right to have the requested act done and that the defendant has a ministerial, legal duty to perform such act without discretion to refuse. See, Buckley v. Affleck, 493 A.2d 828. In addition, where the act that is requested to be done is subject to administrative process, the petitioners must also establish that they have exhausted their administrative remedies before seeking judicial relief through a petition for a writ of mandamus.Greenwich Bay Yacht Associates v. Brown, 537 A.2d 988.
While the petitioners in urging the relief sought wish to place the activities of the Department of Health as the sole basis for the absence of its receiving permission to repair the sewage disposal system, an examination of the facts of this case would indicate that there is a complete lack of evidence supporting the plaintiff's position that it has complied with all of the administrative agency's regulations and that it therefore is clearly entitled to relief.
It is only after the Court is convinced that the applicant has fulfilled each and every requirement for the issuance of a permit that the act of actual issuing the permit becomes a ministerial one. A review of the affidavit submitted by Mohamed Freij details the deficiencies found upon inspection which were listed. During meetings with the agency and the plaintiff herein efforts were made to create a situation where the applicant would receive permission, under the guise of repairing a system, an opportunity to completely install a different kind of system. The petitioner does not deny any of the preliminary negotiations and found deficiencies in its application. Further the Court finds that this petitioner has not exhausted its administrative remedies and its petition for judicial relief is therefore premature.
For the reasons stated the Court will deny the writ of mandamus; specifically note the plaintiff's exception thereto and directs that a judgment dismissing this action be prepared for entry within seventy-two (72) hours of receipt of a copy of this decision.